**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TYRAN DENT,

                        Plaintiff,

    - v -                                               9:19-CV-1546
                                                                      (TJM/DJS)

LAYO, C.R. TREMBLAY, D. BROWN, and
BHABORI,

                        Defendants.

**APPEARANCES:**                                       **OF COUNSEL:**

TYRAN DENT
Plaintiff, *Pro Se*
17-A-4974
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

HON. LETITIA JAMES                         NICHOLAS L. ZAPP, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First and Fourteenth Amendments. Dkt. No. 1, Compl. at pp. 9-10.[2] The Court's docket reflects that the Complaint

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the Complaint are to the page numbers assigned by the Court's CM/ECF system.

was filed with the Court on December 16, 2019. Plaintiff was released from the custody of DOCCS on December 19, 2019. Dkt. No. 19-2, Zapp Decl., Ex. A. Plaintiff has had no communication with Defendants' counsel since being released. Zapp Decl. at ¶ 7. Plaintiff has not provided an updated address to defense counsel. *Id.* The Court's docket demonstrates that no change of address has been filed with the Court either. All of the Orders the Court has issued since commencement of this case have been returned as undeliverable. Dkt. Nos. 6, 16, & 18. Based on Plaintiff's failure to provide an updated address, Defendants now move to dismiss the Complaint under FED. R. CIV. P. 41 due to Plaintiff's failure to prosecute this action. Dkt. No. 19. Plaintiff has not responded to the Motion.

## I. PLAINTIFF'S FAILURE TO PROSECUTE

Dismissal of the Complaint is appropriate here based on Plaintiff's failure to prosecute this action. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending

> actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998). The Court has not had any communication from Plaintiff since December 2019 when the Complaint was originally filed. Plaintiff has been released from DOCCS custody and left no forwarding address. Zapp Decl. at Ex. A. All of the Court's Orders have been returned as undeliverable. Dkt. Nos. 6, 16, & 18. As a result, the Court has no means by which to effectively communicate with Plaintiff. Nor does Defendants' attorney have the ability to communicate with Plaintiff to engage in discovery or defend this matter. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address is a basis for dismissal. *Fenza v. Conklin*, 177 F.R.D. at 127.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, I recommend that this action be dismissed.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. No. 19) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action at their last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:   June 16, 2020
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge